IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 26, 2018

IN RE ALLIE A. ET AL.

**Appeal from the Juvenile Court for Montgomery County**
**No. 15-2689, 15-2690      Tim Barnes, Judge**

_____

**No. M2018-00326-COA-T10B-CV**

_____

This is an accelerated interlocutory appeal as of right from the denial of a motion for recusal. The petition for recusal appeal was filed twenty-four days after entry of the order denying the motion. Because the appeal was untimely, we dismiss.

**Tenn. Sup. Ct. R. 10B Accelerated Interlocutory Appeal; Appeal Dismissed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which THOMAS R. FRIERSON II and ARNOLD B. GOLDIN, JJ., joined.

Kimberly G. Turner, Clarksville, Tennessee, for the appellant, Adam P.

**OPINION**

On January 11, 2018, Adam P. ("Father") filed a motion to recuse in the Juvenile Court for Montgomery County, Tennessee. As explained in the motion, the basis for recusal was the trial judge's actions and statements in connection with an earlier motion for recusal filed by Father in 2015. After conducting a hearing, the trial court entered an order denying the request for recusal. From this order, Father filed his appeal. Additionally, Father requested that we decide this matter on an expedited basis and stay all proceedings below.

Rule 10B of the Rules of the Supreme Court of Tennessee governs appeals from the denial of a motion for a judge's disqualification or recusal. The rule provides two methods of appeal: "an accelerated interlocutory appeal as of right . . . or the ruling can be raised as an issue in an appeal as of right following the entry of the trial court's judgment." Tenn. Sup. Ct. R. 10B, § 2.01 (citation omitted). For an accelerated appeal as of right, "a petition for recusal appeal shall be filed in the appropriate appellate court

within twenty-one days of the trial court's entry of the order." *Id*. § 2.02.

On January 30, 2018, the trial court entered its order denying the recusal request. But the petition for an accelerated interlocutory appeal was not filed until February 23, 2018. Because the petition was filed more than twenty-one days after entry of the trial court's order, we must dismiss this interlocutory appeal as untimely. *See Muse v. Jolley*, No. E2014-02462-COA-T10B-CV, 2015 WL 303366, at *2 (Tenn. Ct. App. Jan. 23, 2015).

_____
W. NEAL MCBRAYER, JUDGE